UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) ENHUA FANG,<br><br>Defendant. | Case Number: 3:24-CR-64-FDW |

## JOINT STATEMENT OF STIPULATED FACTS

This statement of facts does not purport to include all the Defendant's illegal conduct during the course of her charged offense and is not intended to represent all the Defendant's relevant conduct for sentencing purposes. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of herself or those of her co-conspirators. It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea in the above-captioned matter. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would establish the following beyond a reasonable doubt:

1. Beginning in at least May 2022 and continuing until on or about April 15, 2024, within the Western District of North Carolina and elsewhere, the Defendant, in violation of 18 U.S.C. § 1956(h), knowingly, intentionally, and willfully conspired with others to (1) conduct and attempt to conduct financial transactions affecting interstate commerce involving the proceeds of narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (2) engage and attempt to

engage in monetary transactions in criminally derived property that involved proceeds of narcotics trafficking and were of a value greater than $10,000, in violation of 18 U.S.C. § 1957(a).

2. During the course of and in furtherance of the conspiracy, the Defendant was an organizer within a Chinese money laundering organization (the "Organization"), which had more than five members, including, but not limited to, couriers, account holders, dispatchers, coordinators, and foreign-based operatives.

3. The Defendant coordinated a group of couriers who, at the Defendant's direction, picked up bulk cash proceeds of unlawful activities, including narcotics trafficking, from individuals throughout the United States and deposited these illicit funds, which generally exceeded $10,000 for any given transaction, into shell company bank accounts controlled by the Organization in order to conceal and disguise the nature, location, source, ownership, and control of the illicit funds.

4. To coordinate the bulk cash pickups and deposits, the Defendant utilized multiple cellular telephones, on which she regularly changed the telephone numbers, and several types of encrypted messaging applications to communicate with the Organization's foreign-based operatives, couriers, and customers, which included U.S.-based drug traffickers.

5. In general, to coordinate a bulk cash pickup, the Defendant would receive from the Organization's customers, including U.S.-based drug traffickers, information such as the date, time, location, and amount of the bulk cash to be delivered to the Organization. The Defendant would also receive bank account information from other members of the Organization. Equipped with such information, the Defendant would instruct the Organization's couriers to pick up the bulk cash from the Organization's customers, including U.S.-based drug traffickers, and then to deposit the bulk cash into business checking accounts opened at major financial institutions in the

names of shell companies that were controlled by the Organization. The couriers often used false identities to deposit the bulk cash. After the illicit funds were deposited, other members of the Organization would further transfer the money to other bank accounts, cryptocurrency accounts, and escrow accounts.

6. The Defendant admits that the total amount of illicit funds laundered in the conspiracy for which she had actual knowledge and involvement was at least $90,000,000.

7. The Defendant admits that during an extended period of time, she regularly engaged in laundering illicit funds from multiple sources and generated a substantial amount of personal income in return.

8. The Defendant admits that she knew that funds laundered in the conspiracy included the proceeds of, or were intended to promote, an offense involving the manufacture, importation, or distribution of a controlled substance.

9. The Defendant further admits that, on or about July 27, 2022, within the Western District of North Carolina and elsewhere, the Defendant (1) knowingly conducted financial transactions affecting interstate commerce involving the proceeds of narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2; and (2) knowingly engaged and caused another to engage in monetary transactions in criminally derived property that involved proceeds of narcotics trafficking and were of a value greater than $10,000, in violation of 18 U.S.C. §§ 1957(a) and 2.

10. On or about July 26, 2022, the Defendant, using a telephone number ending in 4112, communicated with a member of a Charlotte, North Carolina-based drug trafficking

3

organization ("DTO-1") and arranged the pickup of $313,500 of bulk cash—which were proceeds of narcotics trafficking—on or about July 27, 2022. The DTO-1 member received the Defendant's contact information from their Mexican source of supply.

11. On or about July 27, 2022, the Defendant continued communicating with the DTO member. The Defendant told the DTO member that the bulk cash pickup would take place at "9505 Pineville-Matthews Rd, Pineville, NC 28134" and the courier would be in a "silver bmw[.]"

12. On or about July 27, 2022, at the Defendant's direction, Maoxuan XIA ("XIA"), one of the Defendant's co-conspirators and a member of the Organization, picked up the bulk cash and then deposited $313,120 at the Bank of America branch located at 9505 Pineville Matthews Road, Pineville, North Carolina. XIA deposited the $313,120 into a business checking account in the name of Kowloon Holding, Inc. ("Kowloon"), whose account number ended in 8706. Kowloon was one of the shell companies owned and controlled by Shao Neng LIN, another member of the Organization and one of the Defendant's co-conspirators. XIA deposited the $313,120 into Kowloon's account using a fake New York driver's license bearing the name "Xin Lin."

13. The Defendant knew that the $313,120 deposited into Kowloon's bank account on or about July 27, 2022, represented the proceeds of some form of unlawful activity.

14. During the conspiracy and at the Defendant's directions, XIA picked up and deposited—using both his real identity and fake identities—approximately $30 million of illicit funds, including drug trafficking proceeds.

15. The Defendant further admits that, on or about August 12, 2022, within the Western District of North Carolina and elsewhere, the Defendant attempted to engage in monetary

4

Case 3:24-cr-00064-FDW-SCR   Document 152   Filed 07/07/25   Page 4 of 9

transactions in criminally derived property that involved proceeds of narcotics trafficking and were of a value greater than $10,000, in violation of 18 U.S.C. §§ 1957(a) and 2.

16. On or about August 6, 10, 11, and 12, 2022, the Defendant, using a telephone number ending in 2407, communicated with a member of another Charlotte-based DTO ("DTO-2") and arranged the pickup of $108,000 of bulk cash—which were proceeds of narcotics trafficking—on or about August 12, 2022. The DTO-2 member received the Defendant's contact information from their Mexican source of supply.

17. On or about August 12, 2022, at the Defendant's direction, Jianfei LU ("LU"), one of the Defendant's co-conspirators and a member of the Organization, picked up $108,000 of bulk cash from the DTO-2 member, which was seized by law enforcement authorities before LU entered the Bank of America branch located at 8551 No. Tyron Street, Charlotte, North Carolina.

18. The Defendant knew that the $108,000 picked up by LU on or about August 12, 2022, represented the proceeds of some form of unlawful activity.

19. During the conspiracy and at the Defendant's directions, LU picked up and deposited—using both his real and fake identities—approximately $20.4 million of illicit funds, including drug trafficking proceeds.

20. The Defendant further admits that, on or about August 20, 2022, within the Western District of North Carolina and elsewhere, the Defendant (1) knowingly conducted financial transactions affecting interstate commerce involving the proceeds of narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2; and (2) knowingly engaged and caused another to engage

in monetary transactions in criminally derived property that involved proceeds of narcotics trafficking and were of a value greater than $10,000, in violation of 18 U.S.C. §§ 1957(a) and 2.

21. On or about August 19, 2022, the Defendant, using a telephone number ending in 8880, communicated with a member of DTO-1 and arranged the pickup of $390,000 of bulk cash—which were proceeds of narcotics trafficking—on or about August 20, 2022. The DTO-1 member received the Defendant's contact information from their Mexican source of supply.

22. On or about August 20, 2022, at the Defendant's direction, one of the Organization's couriers and the Defendant's co-conspirators ("Courier One"), picked up the bulk cash and then deposited $390,000 at the Chase Bank branch located at 8830 Lindholm Drive, Suite 100, Huntersville, North Carolina. Courier One deposited the $390,000 into two business checking accounts: (1) $250,020 into an account ending in 2589 registered in the name of Kowloon, and (2) $139,980 into an account ending in 5851 registered in the name of JRY Holding, Inc. ("JRY"), owned and controlled by Zhou YU, another member of the Organization and one of the Defendant's co-conspirators. Courier One deposited the bulk cash using a fake New York driver's license.

23. The Defendant knew that the $390,000 deposited into Kowloon's and JRY's bank accounts on or about August 20, 2022, represented the proceeds of some form of unlawful activity.

24. During the conspiracy and at the Defendant's directions, Courier One picked up and deposited approximately $17.8 million of illicit funds, including drug trafficking proceeds.

25. Besides XU, LU, and Courier One, Shu Jun ZHEN ("ZHEN"), one of the Defendant's co-conspirators and a member of the Organization, picked up and deposited, using both her real identity and fake identities, approximately $24.8 million of illicit funds, including drug trafficking proceeds, during the conspiracy and at the Defendant's directions.

26. The Defendant agrees venue and jurisdiction lie with this Court pursuant to 18 U.S.C. § 3237.

27. The Defendant also agrees that her participation in the above-described acts was in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

28. With her signature below and that of her counsel, the Defendant agrees that she has fully adopted this statement of facts as her own statement. The Defendant is adopting this statement of facts because it is a true and correct summary of the Defendant's own conduct.

29. The Defendant is pleading guilty because the Defendant is in fact guilty.

MARLON COBAR
Chief, Narcotic & Dangerous Drug Section
Criminal Division
U.S. Department Of Justice

Date: 7/7/25          By: _____
                          Mingda Hang
                          Acting Assistant Deputy Chief, Litigation
                          Jayce Born
                          Trial Attorney

Approved by:

Date: 7/7/25          By: _____
                          Melanie L. Alsworth
                          Acting Deputy Chief, Litigation

RUSS FERGUSON
United States Attorney
Western District of North Carolina

Date: 7/7/2025        By: /s/ Alfredo De La Rosa
                          Alfredo De La Rosa
                          Assistant United States Attorney
                          Western District of North Carolina

Approved by:

Date: 7/7/2025        By: /s/ Erik Lindahl
                          Erik Lindahl
                          Assistant United States Attorney
                          Western District of North Carolina

## DEFENDANT'S ACCEPTANCE

I have read this Statement of Facts, with the assistance of an English-Chinese interpreter, and have discussed it at length with my attorney, Matthew Rothbeind, Esq. This Statement of Facts has been translated into Chinese for me. I understand that the English version controls. I fully understand these facts and agree to them without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph (1).

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement, the accompanying Statement of Facts, and all matters related to it.

X _Enhua Fang_  7/7/25
Enhua Fang                Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant through an English-Chinese interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Statement of Facts with the Defendant, through an English-Chinese interpreter. The Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

_Matthew Rothbeind_    07.07.2025
Matthew Rothbeind, Esq.    Date
Attorney for Defendant